IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAUREL P. COLESTOCK, an individual, | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES AND JURY DEMAND |
| LOUIS DEJOY, Postmaster General, United States Postal Service; | |
| Defendant | |

COMES NOW Plaintiff, Ms. Laurel Colestock ("Plaintiff"), by and through her undersigned attorneys, and alleges as follows:

## I.   **INTRODUCTION**

1.1   Plaintiff alleges complaints against Defendant, Mr. Louis DeJoy (hereinafter "Mr. DeJoy" or "Defendant"), in his official capacity as Postmaster General of the U.S. Postal Service, for discrimination based on sex, hostile working environment, and retaliation under Title VII of the Civil Rights Act of 1964.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 1   Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

## II.   PARTIES

2.1   Plaintiff is an individual residing in Eastsound, Washington, formerly employed by the U.S. Postal Service (hereinafter "USPS" or "Defendant").

2.2   Plaintiff was employed by the USPS in Washington State at all relevant times.

2.3   Defendant Mr. Louis DeJoy is presently the Postmaster General for USPS, a Federal Agency (USPS and Mr. DeJoy are hereinafter collectively referred to as "Defendant").

2.4   Defendant's jurisdiction is in Western Washington.

## III.   JURISDICTION AND VENUE

3.1   Jurisdiction and venue are proper as all alleged acts took place in the Western District of Washington.

3.2   On July 27, 2021, Plaintiff filed a complaint with Defendant's Equal Employment Opportunity ("EEO") Office alleging that she was subjected to unwanted sexual advances by her direct superior as well as disparate treatment, sexual harassment, and a hostile work environment.

3.3   On August 16, 2021, Defendant terminated Plaintiff's employment.

3.4   On September 4, 2021, Plaintiff filed a complaint with the Defendant's EEO Office alleging that her termination was discriminatory and retaliatory.

3.5   On January 26, 2022, Plaintiff received a Final Agency Decision from Defendant's EEO office.

3.6   This Final Agency decision affords Plaintiff the right to file a civil action against Defendant in United States District Court.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 2   Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

3.7  Plaintiff's legal action and legal claims against Defendant are therefore ripe to be heard before this court pursuant to 5 U.S.C. § 7702(b)(2) and 42 U.S.C. § 2000e, *et seq*.

**IV.**   <u>**FACTS**</u>

**A. Plaintiff's Background**

4.1  Plaintiff is a female.

4.2  Defendant hired and employed Plaintiff from at least June 2016 as a part-time flexible (PFT) employee as a Sales, Services/Distribution Associate (hereinafter "SSDA") at the Eastsound, Washington Post Office.

4.3  From June 2019 until November 2019, Defendant employed Plaintiff as the Officer in Charge (OIC) of the Eastsound Post Office.

4.4  In November 2019, Defendant appointed Mr. Bruce Cowen (hereinafter "Postmaster Cowen") as the Postmaster of the Eastsound Post Office.

4.5  Postmaster Cowen served as the Postmaster of the East Sound Post Office from November 2019 until June 2021.

4.6  Upon Postmaster Cowen's assignment as Postmaster, Defendant relegated Plaintiff to her former position of SSDA.

4.7  Postmaster Cowen was Plaintiff's direct supervisor from November 2019 until December 2020.

4.8  At all relevant times, Mr. Paul Senecal (hereinafter "Mr. Senecal") was the Manager of Labor Relations at the Federal Way Post Office.

4.9  From on or about March 2021 through September 2021, Mr. Balvinder Singh-Minhas (hereinafter "Mr. Singh-Minhas") was the acting Manager of Post Office Operations for the Eastsound Post Office Branch.

4.10  At all relevant times, Ms. Eden Ching (hereinafter "Postmaster Ching") was Postmaster for the Custer, WA Post Office.

4.11  At all relevant times, Mr. Michael Catanio (hereinafter "Postmaster Catanio") was Postmaster for the Oak Harbor, WA Post office.

4.12  At all relevant times, Ms. Alexis Delgaldo (hereinafter "Ms. Delgado") was Manager of Human Resources at the Federal Way, WA Post office.

4.13  At all relevant times, Ms. Laurel Dubuque (hereinafter "Ms. Dubuque") was Supervisor of Customer Services for the Snohomish, WA Post office.

4.14  At all relevant times, Ms. Delana Duncan (hereinafter "Postmaster Duncan") was Postmaster for the Marysville, WA Post office.

4.15  At all relevant times, Ms. Aurora Turner (hereinafter "Ms. Turner") was a Sales and Distribution Clerk for the Eastsound Post Office.

**B. Postmaster Cowen Demanded that Plaintiff Perform Sex Acts for Him**

4.16  In November 2019, Defendant assigned Postmaster Cowen to the position of Postmaster at the Eastsound Post Office.

4.17  Despite Postmaster Cowen's appointment, he required Plaintiff continued to perform many of the duties and responsibilities of the Postmaster position.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 4   Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

4.18   These duties included but were not limited to running morning and evening reports, handling customer issues, paying utility bills, ordering supplies, and counting the cash drawers.

4.19   Because Plaintiff performed these duties, Postmaster Cowen paid Plaintiff at a 1723 pay rate.

4.20   A 1723 is a pay rate adjustment to level 18 Postmaster pay.

4.21   On February 15, 2020, Postmaster Cowen sent Plaintiff a text message from his Post Office-issued cellular phone asking Plaintiff what she was wearing.

4.22   Postmaster Cowen sent other text messages to Plaintiff that were flirtatious in nature and content.

4.23   Postmaster Cowen asked Plaintiff to send him text messages with sexually explicit photos of herself.

4.24   On numerous occasions, Postmaster Cowen send text messages to the Plaintiff that contained sexually explicit photos of himself.

4.25   Postmaster Cowen began to touch Plaintiff's breasts while she was at work.

4.26   Postmaster Cowen requested that Plaintiff provide him with oral sex while at work.

4.27   Postmaster Cowen requested that Plaintiff engage in sexual intercourse with him while at work.

4.28   Because he was her superior and in a position of power over her, Plaintiff did in fact perform oral sex on Postmaster Cowen at work.

4.29   Because he was her superior and in a position of power over her, Plaintiff did in fact engage in sexual intercourse with Postmaster Cowen at work.

4.30   From February 2020 until December 2020, Postmaster Cowen demanded that Plaintiff perform numerous sex acts to please him on many occasions.

4.31   From February 2020 until December 2020, and at his request, Plaintiff did in fact perform numerous sex acts to please Postmaster Cowen on many occasions.

4.32   These sex acts took place nearly every working day between February 2020 and December 2020.

4.33   On many dates between February 2020 and December 2020, these sex acts occurred multiple times each working day.

4.34   These sex acts occurred at the Eastsound Post Office.

**C. Postmaster Cowen and Others Frequently Drank Alcohol at the Post Office.**

4.35   On numerous occasions while serving as the postmaster, Postmaster Cowen drank alcohol while on duty at the Post Office.

4.36   Postmaster Cowen drove government vehicles while drinking alcohol.

4.37   At his instruction, Plaintiff poured alcoholic drinks for Postmaster Cowen while at work.

4.38   On many occasions while drinking at work, Postmaster Cowen demanded that Plaintiff perform sex acts for him.

4.39   Because he was her superior and in a position of power over her, Plaintiff did in fact perform oral sex for Postmaster Cowen while at work.

4.40   Other USPS employees, including Mr. Ike White, Mr. Christopher Kaufmann, and Ms. Turner, frequently drank alcohol while working along with Postmaster Cowen.

4.41   On numerous occasions, Ms. Turner arrived for her workday already intoxicated.

4.42   One such incident occurred on October 6, 2020.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 6     Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

1   4.43   Postmaster Cowen was not present at the Eastsound Post Office on this date.

2   4.44   Plaintiff contacted Postmaster Cowen to inform him that Ms. Turner was intoxicated.

3   4.45   Postmaster Cowen did nothing in response.

4   4.46   Plaintiff was required to cover for Ms. Turner and perform her job duties, in addition to

5          her own job duties on this date.

6      **D. Postmaster Cowen Used His Position to Exploit Plaintiff.**

7   4.47   In February 2018, Plaintiff filed a formal complaint with the Defendant's EEO Office

8          claiming that she was subjected to a hostile work environment.

9   4.48   From then until Postmaster Cowen's arrival at the Eastsound Post Office, Plaintiff faced

10          ongoing hostility from her co-workers as a result of her EEO complaint.

11   4.49   Upon his arrival in Eastsound, Postmaster Cowen provided protection to the Plaintiff

12          from her co-workers.

13   4.50   Postmaster Cowen's intervention reduced the frequency and severity of harassment that

14          Plaintiff faced form her co-workers while at work.

15   4.51   Postmaster Cowen used his protection as further means to leverage the Plaintiff into

16          performing sex acts for him.

17   4.52   As long as Plaintiff was compliant with his demands to perform sex acts, he protected

18          Plaintiff from her co-workers.

19   4.53   Whenever Plaintiff refused to perform sexual acts for Postmaster Cowen, he allowed co-

20          workers to harass and bully the Plaintiff.

21   4.54   Whenever Plaintiff refused to perform Postmaster Cowen's job duties, he allowed co-

22          workers to harass and bully the Plaintiff.

23   COMPLAINT FOR DAMAGES AND JURY DEMAND - 7   Dethlefs Sparwasser Reich Dickerson, PLLC
                                                     100 Second Avenue S., Suite 190
24                                                   Edmonds, WA 98020
                                                     Ph: (425) 776-1352 Fax: (425) 776-2467
25

4.55   Postmaster Cowen continued to make additional requests to Plaintiff that she send him sexually explicit photos of herself.

4.56   On June 21, 2020, Plaintiff acquiesced to this demand, and sent a sexually explicit photo of herself to Postmaster Cowen.

4.57   Postmaster Cowen continued to request that Plaintiff send him additional sexually explicit photos of herself.

4.58   Postmaster Cowen began sending Plaintiff sexually explicit photos of himself.

4.59   Postmaster Cowen continued to solicit sexually explicit photos until May 2021.

4.60   Postmaster Cowen continued to send sexually explicit photos of himself until May 2021.

4.61   On June 25, 2020, Postmaster Cowen demanded that Plaintiff engage in sexual intercourse with him.

4.62   Because she was afraid of reprisal, the Plaintiff acquiesced to this demand.

4.63   Whenever Plaintiff refused to perform sexual acts for Postmaster Cowen, he threatened to reduce Plaintiff's hours and pay rate.

4.64   Whenever Plaintiff refused to perform Postmaster Cowen's job duties, he threatened to reduce Plaintiff's hours and pay rate.

4.65   On July 31, 2020, Postmaster Cowen left the Eastsound Post Office at mid-day.

4.66   Plaintiff was left to perform her own duties as well as those of Postmaster Cowen.

4.67   Plaintiff informed Postmaster Cowen that she would not perform the closing reports for that day, a task that was his responsibility.

4.68   Postmaster Cowen replied with a threat: "I will not extend your 1723 if you are not willing to help with office stuff."

4.69   Because of this threat, and similar threats on other occasions, Plaintiff continued to perform most of Postmaster Cowen's work duties on a regular basis.

4.70   On or around August 11, 2020, Postmaster Cowen sent Plaintiff a text message stating "Your 1723 is through Jan 1 (2021). You do not need to share that with anybody on the floor. EVER."

**E.   Plaintiff Repeatedly Protested and Attempted to End Postmaster Cowen's Demands for Sex.**

4.71   On April 21, 2020, Plaintiff informed Postmaster Cowen that: "I'm sorry I let you into my life. I'm sorry I gave up so much to feel pretty and wanted for a few minutes. I am sorry I am hurt. I can't do this anymore. I just want to do my job and go home."

4.72   This was Plaintiff's first attempt to end Postmaster Cowen's demands for sex.

4.73   Postmaster Cowen rejected this attempt.

4.74   Postmaster Cowen threatened the Plaintiff with reprisals if she refused to perform sex acts.

4.75   Postmaster Cowen said he would reduce Plaintiff's pay unless she continued to perform sex acts for him.

4.76   Postmaster Cowen said he would not protect Plaintiff from others in the Eastsound office unless she continued to perform sex acts for him.

4.77   On April 29, 2020, Postmaster Cowen specifically informed Plaintiff that she would have to perform sex acts if she wanted to continue receiving increased pay and protection.

4.78   Fearing reprisals, Plaintiff acquiesced to these demands, and Postmaster Cowen then fondled her breasts while at work on that date.

4.79   On September 12, 2020, Plaintiff again attempted to end Postmaster Cowen's demands for sex.

4.80   On this date, Plaintiff specifically informed Postmaster Cowen that she no longer wanted to have any sexual contact with him.

4.81   In response, Postmaster Cowen yelled and screamed at Plaintiff.

4.82   A short time later, Postmaster Cowen threatened Plaintiff with retribution if she did not perform sex acts for him.

4.83   On November 3, 2020, Plaintiff again attempted to end Postmaster Cowen demands for sex.

4.84   In response, Postmaster Cowen became angry with Plaintiff.

4.85   Postmaster Cowen insulted Plaintiff.

4.86   Postmaster Cowen said that no one liked Plaintiff.

4.87   Postmaster Cowen said that everyone who met the Plaintiff hated her.

4.88   Postmaster Cowen said to Plaintiff: "no wonder your husband left you."

4.89   Thereafter, Plaintiff again attempted to end Postmaster Cowen's demands for sex on several additional occasions.

4.90   Each time, Postmaster Cowen responded with threats to cut Plaintiff's work hours.

4.91   Each time, Postmaster Cowen responded by disparaging Plaintiff.

4.92   Each time, Postmaster Cowen responded by yelling at Plaintiff.

4.93   Each time, Postmaster Cowen responded by stating that he would no longer protect Plaintiff from others at the Eastsound office.

**F.  Plaintiff Volunteers for a Detail Position in Snohomish to Avoid Postmaster Cowen.**

4.94   In December 2020, a temporary position with the Snohomish Post Office became available.

4.95   Plaintiff volunteered for this position to get away from Postmaster Cowen.

4.96   Plaintiff accepted the position in Snohomish even though it meant she would take a reduction in pay.

4.97   Plaintiff accepted the position in Snohomish even though it required her to commute for over four hours on a regular basis.

4.98   Plaintiff accepted the position in Snohomish even though she was required to rent a hotel room near the Snohomish Post Office facility.

4.99   Plaintiff accepted the position in Snohomish even though it forced her to miss time with her family.

4.100   After Plaintiff left Eastsound for her detail in Snohomish, Postmaster Cowen continued to solicit sexually explicit photos from Plaintiff.

4.101   On January 20, 2021, Postmaster Cowen instructed the Plaintiff to delete all of their text messages.

4.102   Postmaster Cowen repeatedly directed Plaintiff to erase all records of their calls and chats, as well as all sexual pictures exchanged between them.

4.103   However, Postmaster Cowen continued to send sexually explicit photos to Plaintiff until June 16, 2021.

4.104   However, Postmaster Cowen continued to solicit sexually explicit photos from the Plaintiff until June 16, 2021.

4.105   While working in Snohomish, Plaintiff continued to perform many of Postmaster Cowen's job functions, including but not limited to paying the Eastsound utility bills, performing quarterly stamp counts and monthly retail counts, and coordinating all vehicle repairs for the Eastsound Post Office.

4.106   When her assignment in Snohomish was winding down, Plaintiff spoke with Postmaster Cowen by phone.

4.107   Postmaster Cowen informed the Plaintiff that he intended to return to having sex with Plaintiff when she returned to the Eastsound Office.

4.108   In response, Plaintiff contacted Messrs. Michael Catania and Damien Cortez and requested to extend her detail indefinitely.

**G. Plaintiff Reports Postmaster Cowen's Conduct to USPS Management and OIG.**

4.109   On May 19, 2021, Plaintiff informed Postmaster Ching about Postmaster Cowen's sexual demands.

4.110   In response, Postmaster Ching contacted the Office of the Inspector General (hereinafter "OIG").

4.111   Plaintiff cooperated with the ensuing OIG investigation.

4.112   On or about June 30, 2021, Defendant allowed Postmaster Cowen to retire in lieu of investigation.

4.113   Plaintiff asked Mr. Senecal if she would be allowed to return to Eastsound as an OIC.

4.114   Mr. Senecal responded that "the days of [Plaintiff] being OIC in Eastsound were over."

4.115   Mr. Senecal further stated, "as far as [Mr. Senecal] was concerned, [Plaintiff] should not be allowed to supervise anyone."

1    4.116   Mr. Senecal stated that he was aware of Plaintiff's actions with Postmaster Cowen and

2            that Plaintiff's actions did not represent those of a supervisor.

3    4.117   Plaintiff had not yet gone through her investigative interview with OIG at this time.

4    4.118   Ms. Turner was selected for the OIC opportunity at the Eastsound Post Office.

5    4.119   Ms. Turner is less experienced than Plaintiff.

6    4.120   Ms. Turner drank alcohol at work numerous times.

7    4.121   Ms. Turner has been intoxicated at work numerous times.

8    4.122   The Defendant never investigated Ms. Turner's drinking.

9    **H. Defendant Terminated Plaintiff's Employment.**

10   4.123   On August 16, 2021, Mr. Senecal issued Plaintiff a Notice of Removal stating that her

11           employment was being terminated.

12   4.124   As a result, Plaintiff's employment with USPS was terminated.

13   4.125   As a result, Plaintiff lost her career.

14   4.126   As a result, Plaintiff lost her standing within the community.

15   4.127   As a result, Plaintiff lost her pension.

16   4.128   As a result, Plaintiff lost her benefits.

17   4.129   Because of the actions of Postmaster Cowen, and Defendant's decision to terminate her

18           employment, Plaintiff has suffered from severe depression and anxiety.

19   4.130   Because of Defendant's decision to terminate her employment, Plaintiff has suffered

20           significant and irreparable economic and financial loss.

21   4.131   Because of the actions of Postmaster Cowen, and Defendant's decision to terminate her

22           employment, Plaintiff's marriage and relationship with her family has been damaged.

Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

4.132   Because of Defendant's decision to terminate her employment, Plaintiff is no longer employed or employable.

**I.   Plaintiff's Comparators**

4.133   Male Rural Carrier Associate Mr. Ike White drank alcohol at the Eastsound Post Office on numerous occasions.

4.134   Mr. White never filed any EEO complaints against the Defendant.

4.135   Mr. White was never investigated by Defendant.

4.136   Mr. White was never disciplined by Defendant.

4.137   Male Rural Carrier Mr. Chris Kauffman drank alcohol at the Eastsound Post Office on numerous occasions.

4.138   Mr. Kauffman never filed any EEO complaints against Defendant.

4.139   Mr. Kauffman was never investigated by Defendant.

4.140   Mr. Kauffman was never disciplined by Defendant.

4.141   Female Sales and Distribution Clerk Ms. Aurora Turner drank alcohol at the Eastsound Post Office on numerous occasions.

4.142   Ms. Turner never filed any EEO complaints against Defendant.

4.143   Ms. Turner was never investigated by Defendant.

4.144   Ms. Turner was never disciplined by Defendant.

4.145   The Defendant promoted Ms. Turner to OIC at the Eastsound Post Office in July 2021.

**V.     CAUSES OF ACTION**

**FIRST, SECOND, AND THIRD CAUSES OF ACTION**

COMPLAINT FOR DAMAGES AND JURY DEMAND - 14   Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

**(Disparate Treatment, Hostile Work Environment, and Wrongful Termination Based on**

**Sex and/or Gender in Violation of Title VII)**

5.1    Plaintiff incorporates and realleges all paragraphs as if fully set forth herein.

5.2    Plaintiff is female.

5.3    Plaintiff was well qualified for the positions she held while employed by USPS, including the roles of SSDA, OIC, and Postmaster.

5.4    At all relevant times, Plaintiff always performed her job duties at a satisfactory level, or above.

5.5    Postmaster Cowen is male.

5.6    Postmaster Cowen was Plaintiff's supervisor at all times when Plaintiff worked at the Eastsound Post Office.

5.7    Postmaster Cowen demanded that Plaintiff perform most of his job duties while they both worked at the Eastsound Post Office.

5.8    Postmaster Cowen subjected Plaintiff to sexual advances and demands to perform sex acts on many occasions during work.

5.9    Postmaster Cowen's sexual advances and demands to perform sex acts were unwanted by Plaintiff.

5.10   Plaintiff only engaged in sex acts with Postmaster Cowen because Postmaster Cowen was in a position of power over her and because of his threats of reprisal if she did not acquiesce.

5.11   Postmaster Cowen's sexual advances and sexual acts were based on Plaintiff's sex and gender.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 15

Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

5.12   Postmaster Cowen would not have subjected Plaintiff to sexual advances or requests for sex acts had Plaintiff been a male.

5.13   Postmaster Cowen would not have subjected Plaintiff to demands to perform his job had Plaintiff been a male.

5.14   Plaintiff repeatedly opposed and protested Postmaster Cowen's sexual advances and demands to perform sex acts.

5.15   Plaintiff repeatedly opposed and protested Postmaster Cowen's demands to perform his job duties.

5.16   Postmaster Cowen threatened to reduce Plaintiff's pay when she refused to perform sex acts for him.

5.17   Postmaster Cowen threatened to reduce Plaintiff's pay when she refused to perform his job duties.

5.18   Postmaster Cowen threatened to allow others to harass and bully Plaintiff when she refused to perform sex acts for him.

5.19   Postmaster Cowen threatened to allow others to harass and bully Plaintiff when she refused to perform his job duties.

5.20   Plaintiff's employment status, income, and safety were dependent upon her submission to Postmaster Cowen's sexual advances and requests to perform sex acts.

5.21   Plaintiff's employment status, income, and safety were dependent upon her submission to Postmaster Cowen's demands to perform his job duties.

5.22   Postmaster Cowen's sexual advances and requests to perform sex acts constituted severe and pervasive harassment.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 16 Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

5.23   Postmaster Cowen's demands to perform his job duties constituted severe and pervasive harassment.

5.24   Postmaster Cowen's sexual advances and requests to perform sex acts were objectively and subjectively offensive to Plaintiff.

5.25   Postmaster Cowen's demands to perform his job duties were objectively and subjectively offensive to Plaintiff.

5.26   Plaintiff felt intimidated by Postmaster Cowen.

5.27   A reasonable person in Plaintiff's position would have felt intimidated by Postmaster Cowen.

5.28   Defendant failed to take prompt and effective remedial action reasonably calculated to end Postmaster Cowen's inappropriate actions towards Plaintiff.

5.29   Defendant subjected Plaintiff to adverse treatment when Defendant forced Plaintiff to work in a hostile work environment based on Plaintiff's sex.

5.30   Defendant subjected Plaintiff to adverse treatment when Defendant negatively impacted the terms and conditions of his employment.

5.31   This harassment was offensive to Plaintiff and pervaded her work environment through numerous acts and statements of colleagues, peers, and superiors.

5.32   This harassment severely impacted the terms and conditions of Plaintiff's employment with Defendant.

5.33   This harassment is imputable to Defendant because it was aware of the unwelcome, offensive, and pervasive harassment against Plaintiff.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 17 Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

5.34   This harassment is imputable to Defendant because the unwelcome, offensive, and pervasive harassment was perpetrated by persons in a management capacity.

5.35   Defendant treated Plaintiff less favorably in the terms and conditions of her employment as compared to male peers, colleagues, and managers.

5.36   Defendant required Plaintiff to perform job duties of others, including Postmaster Cowen.

5.37   Defendant wrongfully terminated Plaintiff's employment.

5.38   Defendant imposed these adverse actions against Plaintiff because of her gender and/or sex.

5.39   Defendant's actions also caused Plaintiff to suffer significant and irreparable injury and/or damages.

5.40   As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered damages in an amount to be proven at trial, including but not limited to, lost and/or diminished compensation, lost and/or diminished earning capacity, lost and/or diminished back pay, lost and/or diminished front pay, lost and/or diminished medical benefits, lost and/or diminished retirement benefits, lost and/or diminished employment benefits, reputational injury, humiliation, emotional distress, loss of enjoyment of life, pain and suffering, punitive damages, costs of suit, attorneys' fees, and costs, as well as pre- and post-judgment interest

## VI.   FOURTH CAUSE OF ACTION

### (Retaliation in Violation of Title VII)

6.1   Plaintiff incorporates and realleges all paragraphs as if fully set forth herein.

Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

6.2     Plaintiff was well qualified for the positions she held while employed by USPS, including the roles of SSDA, OIC, and Postmaster.

6.3     At all relevant times, Plaintiff performed her job duties at a satisfactory level, or above.

6.4     On multiple occasions, Plaintiff engage in protected activities.

6.5     Plaintiff's protected activities included filing a complaint with Defendant's EEO Office.

6.6     Plaintiff's protected activities included reporting sexual harassment to her superiors.

6.7     Plaintiff's protected activities included protesting Postmaster Cowen's demands to perform sex acts.

6.8     Defendant treated Plaintiff less favorably in the terms and conditions of her employment as compared to peers, colleagues, and managers who did not engage in protected activities.

6.9     Defendant required Plaintiff to perform job duties of others, including Postmaster Cowen.

6.10    Defendant required Plaintiff to perform her duties in an environment that was hostile, offensive, and discriminatory to her as a female employee.

6.11    Defendant wrongfully terminated Plaintiff's employment.

6.12    Defendant imposed adverse actions against Plaintiff because she engaged in protected activities including but not limited to filing a complaint of discrimination with Defendant's EEO Office and reported unlawful conduct in the workplace on numerous occasions.

6.13    Defendant treated Plaintiff less favorably because she engaged in multiple protected activities including but not limited to filing a complaint of discrimination with the Equal Employment Opportunity Commission, initiating a legal action against defendant, and

COMPLAINT FOR DAMAGES AND JURY DEMAND - 19

Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

reporting discrimination in the workplace to her colleagues and superiors on numerous occasions.

6.14  Defendant's actions substantially impacted and/or interfered with the terms and conditions of Plaintiff's employment.

6.15  Defendant's actions caused Plaintiff to suffer significant and irreparable injury and/or damages.

6.16  As a direct and proximate result of Defendant's misconduct, Plaintiff suffered damages in an amount to be proven at trial, including but not limited to, lost and/or diminished compensation, lost and/or diminished earning capacity, lost and/or diminished back pay, lost and/or diminished front pay, lost and/or diminished medical benefits, lost and/or diminished retirement benefits, lost and/or diminished employment benefits, reputational injury, humiliation, emotional distress, loss of enjoyment of life, pain and suffering, punitive damages, costs of suit, attorneys' fees, and costs, as well as pre- and post-judgment interest.

## VII.  DAMAGES

7.1  Defendant's violations of the law, described above and incorporated, proximately caused Plaintiff's damages, including but not limited to lost wages and benefits, loss of front pay, loss of back pay, loss of retirement benefits, loss of medical benefits, loss of fringe benefits, loss of earning capacity, negative tax impacts, and other economic losses, and emotional harm, including but not limited to the natural human emotions of distress, loss of enjoyment of life, humiliation, reputational damages, pain and suffering, personal indignity, embarrassment, fear, anxiety, and anguish, experienced and with reasonable

COMPLAINT FOR DAMAGES AND JURY DEMAND - 20

Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

1    probability of experience in the future, attorneys' fees, costs, interest, and other general,

2    economic, statutory, exemplary, punitive and similar damages.

3    **VIII.   <u>PRAYER FOR RELIEF</u>**

4    WHEREFORE: Plaintiff prays for relief as follows:

5    8.1    An order declaring Defendant discriminated and retaliated against Plaintiff based on sex;

6    8.2    An order disciplining or terminating Defendant employees who retaliated, discriminated,

7    and harassed Plaintiff;

8    8.3    Damages for back pay, front pay, lost benefits, and all other economic losses proximately

9    caused by Defendant;

10   8.4    Damages for pain and suffering, mental anguish, emotional distress, and humiliation;

11   8.5    Punitive, statutory, exemplary, and all other damages authorized under Title VII and

12   similar applicable law;

13   8.6    Prejudgment interest in an amount to be proved at trial;

14   8.7    Reasonable attorney's fees and costs; and

15   8.8    Whatever further and additional relief the court shall deem just and equitable.

16   8.9    An offset for the adverse tax consequences of the judgment.

17   8.10   The right to Amend the Complaint to the proof offered at trial.

18   //

19   //

20   //

21   //

22

23   COMPLAINT FOR DAMAGES AND JURY DEMAND - 21   Dethlefs Sparwasser Reich Dickerson, PLLC
                                                    100 Second Avenue S., Suite 190
24                                                  Edmonds, WA 98020
                                                    Ph: (425) 776-1352 Fax: (425) 776-2467
25

Dated this March 17, 2022.

DETHLEFS SPARWASSER REICH
DICKERSON, PLLC

By: _s/ MARK K. DAVIS_____
Mark K. Davis, WSBA #38713
100 Second Avenue S., Ste. 190
Edmonds, WA 98020
Ph: 425-776-1352
Fx: 425-776-2467
mark@detsparlaw.com
**Attorney for Plaintiff**

By: _/s/ JONATHAN NOLLEY_____
Jonathan Nolley, WSBA #35850
811 First Avenue, Ste 510
Seattle, WA 98104
T: (206) 826-5160
F: (206) 922-5598
jonathan@emeraldlawgroup.com
Attorneys for Plaintiff